IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN VICINAGE

| | |
|---|---|
| **TBI UNLIMITED, LLC**<br>10 Burlington Road<br>Bridgeton, New Jersey 08302,<br><br>   Plaintiff,<br><br> v.<br><br>**CLEAR CUT LAWN DECISIONS, LLC and CLEARCUT, INC**.<br>4915 Carolina Beach Road<br>Wilmington, North Carolina 28412<br><br>   and<br><br>**MICHAEL DAVID KAIZAR and PATRICE KAIZAR,**<br>individually and as officers, members and/or agents of **CLEAR CUT LAWN DECISIONS, LLC and CLEARCUT, INC.**<br>4915 Carolina Beach Road<br>Wilmington, North Carolina 28412<br><br>   and<br><br>**SAFEGUARD PROPERTIES, INC.**<br>7887 Safeguard Circle<br>Valley View, Ohio 44125<br><br>   and<br><br>**SAFEGUARD PROPERTIES, LLC**<br>7887 Safeguard Circle<br>Valley View, Ohio 44125<br><br>   Defendants. | **CIVIL ACTION**<br><br>**1:12-cv-03355-RBK-JS**<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

## SECOND AMENDED COMPLAINT

  Plaintiff, TBI Unlimited, LLC ("TBI"), by and through its counsel, brings this Second

Amended Complaint ("Complaint") against Defendants Clear Cut Lawn Decision, LLC,

1

ClearCut, Inc., Michael David Kaizar, Patrice Kaizar, Safeguard Properties, Inc., and Safeguard Properties, LLC (collectively "Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff TBI Unlimited, LLC, ("TBI") is a limited liability company organized and existing under the laws of the State of New Jersey. TBI's principal place of business is 10 Burlington Road, Bridgeton, New Jersey 08302. TBI's sole member, William Taylor, resides at 10 Burlington Road, Bridgeton, New Jersey 08302, and is a citizen of the State of New Jersey, and accordingly, TBI is a citizen of the State of New Jersey.

2. Defendants Michael David Kaizar ("Mr. Kaizar") and Patrice Kaizar ("Mrs. Kaizar") (collectively the "Kaizars") are adult individuals, married as husband and wife, who reside at 4915 Carolina Beach Road, Wilmington, North Carolina 28412 and who are both citizens of the state of North Carolina.

3. Defendant Clear Cut Lawn Decisions, LLC is a limited liability company organized and existing under the laws of the State of North Carolina which has its principal place of business of 4915 Carolina Beach Road, Wilmington, North Carolina 28412. Mr. Kaizar and/or Mrs. Kaizar are the only members of Clear Cut Lawn Decisions, LLC, and accordingly, Clear Cut Lawn Decisions, LLC is a citizen of the State of North Carolina.

4. Defendant ClearCut, Inc., is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business of 4915 Carolina Beach Road, Wilmington, North Carolina 28412, and accordingly, ClearCut, Inc. is a citizen of the state of North Carolina. (Clear Cut Lawn Decisions, LLC and ClearCut, Inc. are collectively referred to herein as "Clear Cut").

5. At all relevant times, the Kaizars have been owners, members, agents, and/or representatives of Clear Cut.

6. Defendant Safeguard Properties, Inc. is a corporation organized and existing under the laws of the State of Ohio with its principal place of business is 7887 Safeguard Circle Valley View, Ohio 44125. Safeguard Properties, Inc. is a citizen of the State of Ohio.

7. Defendant Safeguard Properties, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, which is also registered to do business in Ohio. Its principal place of business is 7887 Safeguard Circle Valley View, Ohio 44125. Upon information and belief, the members of Defendant Safeguard Properties, LLC are citizens of the State of Delaware, and Safeguard Properties, LLC is a citizen of Delaware.

8. Defendants Safeguard Properties, Inc. and Safeguard Properties, LLC are collectively referenced hereinafter as "Safeguard."

## JURISDICTION AND VENUE

9. The Court has original jurisdiction over this Complaint pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because the opposing parties are all citizens of different states.

10. More specifically, the Court has original jurisdiction over this Complaint pursuant to 28 U.S.C. §1332 because there is complete diversity between all Plaintiffs and all Defendants.[1]

---

[1] Plaintiff TBI is a citizen of the State of New Jersey; Defendants the Kaizars, Clear Cut Lawn Decisions, LLC and ClearCut, Inc. are all citizens of the State of North Carolina; and, Defendant Safeguard Properties, Inc. is a citizen of the State of Ohio. With respect to the last Defendant, Safeguard Properties, LLC, while it is averred herein above upon information and belief that it is a citizen of the State of Delaware, Safeguard Properties, LLC has affirmatively admitted, in its March 1, 2010 Answer to a Complaint filed in a previous action in this court, Civil Action Number 3:10-cv-00160-FLW –DEA, Docket Entry # 17, at paragraph 7, that as a Defendant in that action, its citizenship was completely diverse with the sole Plaintiff, which was a citizen of the State of New Jersey.
Accordingly, Safeguard Properties, LLC is not a citizen of the State of New Jersey, and in light of the citizenship of the parties in this action, there is complete diversity between the sole Plaintiff and all Defendants.

11. Venue is proper in this District because substantially all or part of the events that form the subject matter of this litigation occurred in this District. Additionally, Plaintiff performed services for Defendants in the state of New Jersey including, but not limited to, the following counties: Salem, Gloucester, Camden, Cumberland, Cape May, and Atlantic.

12. Venue is proper in this District for the additional reason that the Defendants conduct business in this District.

## FACTS APPLICABLE TO ALL COUNTS

13. Safeguard's customers include mortgage servicing companies. Safeguard's customers own thousands of vacant, foreclosed residential properties.

14. Safeguard enters into contracts with its customers to perform property preservation services on the aforementioned foreclosed properties, including but not limited to lawn maintenance services and related property maintenance services.

15. Safeguard enters into subcontracts with landscaping contractors in all 50 states to perform lawn maintenance services and cleaning services on foreclosed properties.

16. Clear Cut is a landscaping contractor.

17. Upon information and belief, in 2010, Safeguard entered into a subcontract with Clear Cut for Clear Cut to perform lawn maintenance and related property maintenance services on foreclosed properties in several east coast states, including but not limited to New Jersey, Maryland, and Virginia.

18. Prior to February 15, 2010, the Kaizars did not disclose that they were acting in the capacity of agents for Safeguard, the entity which ultimately contracted for and benefitted from the work that TBI was to perform under the contract with Clear Cut.

19. On or about February 21, 2010, Clear Cut, by and through the actions of the

4

Kaizars, entered into a subcontract with TBI for TBI to perform lawn maintenance and related property maintenance services in New Jersey.

20. A true and correct copy of a proposed written subcontract between Clear Cut and TBI, memorializing the terms of their agreement is attached hereto as Exhibit "A" and is referenced hereinafter as the "Agreement." The Agreement incorporates all of the material terms and conditions agreed upon by Clear Cut and TBI.

21. Without justification or excuse, Clear Cut failed to execute the Agreement. Nevertheless, Clear Cut effectively ratified the terms of the Agreement by and through its conduct, course of performance, and course of dealings with TBI.

22. As memorialized in the Agreement, and in relevant part, Clear Cut agreed to pay TBI the sum of Thirty-One Dollars ($31.00) for each lawn maintenance service performed for each property (hereinafter "cuts"), and other fees for other landscape services, as more specifically set forth in the parties' contract.

23. In all of TBI's dealings with Clear Cut, the Kaizars acted on behalf of Clear Cut.

24. Upon information and belief, the Kaizars have exercised improper dominion and control over Clear Cut in such a manner as to be its alter ego. The Kaizars' actions include, but are not limited to, the commingling with and siphoning off of the assets of Clear Cut, the gross undercapitalization of Clear Cut, ignoring all corporate formalities of Clear Cut, and the establishment of Clear Cut as a sham corporation to protect the actions of the Kaizars.

25. During the 2010 calendar year, TBI performed the cuts and other landscaping and property maintenance work assigned to it by Clear Cut and the Kaizars.

26. During the 2010 calendar year, TBI submitted work orders and all necessary appropriate documentation to Clear Cut in connection with TBI's work under the contract, and

Clear Cut paid TBI's work orders in full.

27. In or about September 2010, Mr. Kaizar had a discussion with TBI in which Mr. Kaizar represented TBI had performed its work up to the standards of Safeguard, which had inspected and approved that work.  During that discussion, Mr. Kaizar disclosed that Clear Cut was acting as, and was authorized to act as, the agent of Safeguard in contracting with subcontractors such as TBI to ensure that the lawn maintenance and cleaning services on foreclosed properties were performed and completed within the several east coast states that Clear Cut was charged by Safeguard to oversee.

28. The parties' contractual relationship continued into calendar year 2011; however, on March 15, 2011, it was agreed that TBI would be paid Twenty-Four Dollars ($24.00) per cut.

29. During the 2011 calendar year, TBI performed all of the cuts and other landscaping and property maintenance work assigned to it by Clear Cut and the Kaizars.

30. During the 2011 calendar year, TBI submitted work orders and all necessary and appropriate supporting materials to Clear Cut in connection with its work under the contract.

31. For reasons unknown to TBI and in or about May 2011, Clear Cut and the Kaizars abruptly stopped paying TBI's work orders for the work performed under the parties' contract.

32. In consideration of the work performed by TBI and for which TBI submitted all appropriate and necessary materials Clear Cut became obligated to pay, but failed to pay TBI the amount of $88,050.00 in consideration of the work performed by TBI for Clear Cut during 2011.

33. The sum of $88,050.00 is due under the terms of the contract between Clear Cut and TBI.

34. TBI has demanded payment of the aforementioned amount outstanding.

35. Without justification or excuse, the Defendants have repeatedly failed to pay the

amount outstanding to TBI.

36. The Defendants are jointly and severally liable to TBI for the total of the unpaid and outstanding contract balance.

## COUNT I -BREACH OF CONTRACT
**TBI vs. Safeguard, Clear Cut and the Kaizars**

37. TBI incorporates the preceding paragraphs of this Complaint by reference as if fully set forth at length herein.

38. During the course of 2011, Clear Cut and Safeguard, through the Kaizars, directed TBI to perform cuts and other work and lawn maintenance and cleaning services.

39. TBI performed all of the cuts and additional lawn maintenance and cleaning services as directed by the Kaizars and Clear Cut.

40. The value of the services provided by TBI at the direction of Clear Cut and the Kaizars but which remains unpaid is $88,050.00.

41. Despite the requests of TBI, the Defendants have failed and refused to pay TBI the sum of $88,050.00, which is the outstanding balance lawfully due and owing.

42. As a result of the Defendants' failure to pay the monies due and owing to TBI, the Defendants have materially breached the Agreement.

43. The Kaizars and Safeguard are jointly and severally liable with Clear Cut for the damages causes to TBI by the aforementioned breach of contract.

**WHEREFORE**, TBI demands that judgment be entered in its favor and against Clear Cut, the Kaizars, and Safeguard, jointly and severally, in the amount of $88,050.00, plus interest, attorneys' fees, costs, and for such further relief as this Court deems fair and equitable.

## COUNT II  - FAILURE TO PROMPTLY PAY CONTRACTOR, BREACH OF STATUTORY OBLIGATIONS
**TBI v. Safeguard, Clear Cut and the Kaizars**

44. TBI incorporates the preceding paragraphs of this Complaint by reference as if fully set forth at length herein.

45. The New Jersey Prompt Payment Act, N.J.S.A. 2A:30A-1 and -2 (the "Act"), provides:

> If a prime contractor has performed in accordance with the provisions of a contract with the owner and the billing for the work has been approved and certified by the owner and the owner's authorized approving agent, the owner shall pay the amount due to the prime contractor for each periodic payment, final payment or retainage monies not more than 30 calendar days after the billing date.

See N.J.S.A. 2A:30A-2a.

46. The Act further provides that if the owner does not provide a written statement detailing any amount withheld and the reasons for said withholding within twenty (20) days after receiving the certified payment application, the payment application is deemed approved.

47. If payment is not made in a timely fashion under the Act, the delinquent party shall be liable for the amount of money due and owing under the contract, plus interest at a rate equal to the prime rate plus 1%.

48. If any civil action is commenced to collect payments pursuant to the Act, the prevailing party shall be awarded litigation costs and attorney's fees for bringing the action.

49. The cuts and additional landscaping work and cleaning performed by TBI relevant to this case fall within the scope of the Act.

50. Without justification, excuse, or reasonable objection, the Defendants have failed to tender payment to TBI in consideration of the lawn maintenance and cleaning services provided, which final contract balance that remains due and owing to TBI is in the amount of $88,050.00.

51. The Defendants have violated the terms of the Act by failing to tender payment of the outstanding contract balance to TBI.

52. TBI is entitled to recover interest at the rate of prime plus 1% from the date the last payment was due for the work performed, as well as attorney's fees and litigation costs, in accordance with the Act.

53. The Kaizars and Safeguard are jointly and severally liable with Clear Cut for the damages causes to TBI by the aforementioned violation of the Act.

**WHEREFORE**, TBI demands that judgment be entered in its favor and against Clear Cut, Mr. and Mrs. Kaizar, and Safeguard, jointly and severally, in the amount of $88,050.00 plus interest, costs, attorney's fees, and for such further relief as this Court deems fair and equitable.

### COUNT III - BREACH OF ORAL CONTRACT
### TBI v. Safeguard, Clear Cut and the Kaizars

54. TBI hereby incorporates the preceding paragraphs of this Complaint as though fully set forth at length herein.

55. During the course of 2011, Clear Cut and Safeguard, through the Kaizars, directed TBI to perform lawn maintenance and cleaning services at properties owned by and/or under the control of Safeguard throughout New Jersey.

56. The Kaizars entered into an oral agreement whereby TBI would perform lawn maintenance and cleaning services at designated properties owned by and/or under the control of Safeguard.

57. The total value of this work performed by TBI for which payment remains outstanding is $88,050.00.

58. Despite the requests of the TBI for payment, the Defendants failed and refused to pay TBI the sum $88,050.00.

59. All Defendants are jointly and severally liable with Clear Cut for the damages caused to TBI by the aforementioned breach of oral contract.

**WHEREFORE**, TBI demands that judgment be entered in its favor and against Clear Cut, the Kaizars, and Safeguard, jointly and severally, in the amount of $88,041.00, plus interest, attorneys' fees, costs, and for such further relief as this Court deems fair and equitable.

### COUNT IV  - *QUANTUM MERUIT*
### TBI v. Safeguard, Clear Cut and the Kaizars

60. TBI hereby incorporates the preceding paragraphs of this Complaint as though fully set forth at length herein.

61. The Kaizars, Clear Cut, and Safeguard have enjoyed the benefit of the cuts and other lawn maintenance and cleaning services provided by TBI.

62. TBI is entitled to the *quantum meruit* value of the lawn maintenance and cleaning services provided by TBI.

63. The *quantum meruit* value of the unpaid labor and materials supplied by TBI to the Kaizars, Clear Cut, and Safeguard, for which the Defendants have collectively failed and/or refused to compensate TBI, is the amount of $88,050.00.

**WHEREFORE**, TBI demands that judgment be entered in its favor and against Clear Cut, the Kaizars, and Safeguard, jointly and severally, in the amount of $88,050.00, plus interest, attorneys' fees, costs, and such further relief as this Court deems fair and equitable.

### COUNT V - UNJUST ENRICHMENT
### TBI v. Safeguard, Clear Cut and the Kaizars

64. TBI hereby incorporates the preceding paragraphs of this Complaint as though fully set forth at length herein.

65. TBI provided lawn maintenance and cleaning services to the Kaizars, Clear Cut,

and Safeguard, fully expecting compensation through Clear Cut and the Kaizars for the same.

66. The Kaizars, Clear Cut, and Safeguard have enjoyed the benefit of the cuts and other landscaping and cleaning services provided by TBI.

67. The retention of the benefit of the cuts and other lawn maintenance and cleaning services by the Kaizars, Clear Cut, and Safeguard which TBI performed, without fully compensating TBI, is unjust.

68. The Kaizars, Clear Cut, and Safeguard have been unjustly enriched in the amount of $88,050.00, i.e., the value of the services provided by TBI but not paid for by the Defendants.

**WHEREFORE**, TBI demands that judgment be entered in its favor and against Clear Cut, the Kaizars, and Safeguard, jointly and severally, in the amount of $88,050.00, plus interest, attorneys' fees, costs, and such further relief as this Court deems fair and equitable.

                        **COHEN, SEGLIAS, PALLAS,**
                        **GREENHALL & FURMAN, P.C.**

Dated: July 11, 2012        _s/ Mark J. Leavy_
                        **MARK J. LEAVY, ESQ.**
                        **JONATHAN LANDESMAN, ESQ.** (*pro hac* pending)
                        United Plaza, 19th Floor
                        30 South 17th Street
                        Philadelphia, Pennsylvania 19103
                        Phone:      (215) 564-1700
                        Fax:        (267) 238-4427
                        *Attorneys for Plaintiff, TBI Unlimited, LLC*