NOT FOR PUBLICATION                                                    (Doc. No. 74)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| _____ : | |
| TBI UNLIMITED, LLC,                                : | |
| : | |
| : | |
| Plaintiff,        : | |
| : | |
| v.                    : | |
| : | |
| : | |
| CLEAR CUT LAWN DECISIONS, LLC    : | |
| and CLEARCUT, INC., MICHAEL           : | |
| KAIZAR and PATRICE KAIZAR            : | Civil No. 12-3355 (RBK) |
| : | |
| : | **OPINION** |
| Defendants,     : | |
| : | |
| CLEAR CUT LAWN DECISIONS, LLC    : | |
| and CLEARCUT, INC.                           : | |
| : | |
| Third-Party Plaintiffs : | |
| : | |
| v.                    : | |
| : | |
| WILLIAM TAYLOR,                            : | |
| : | |
| Third-Party    : | |
| Defendant.     : | |
| _____ : | |

**KUGLER**, United States District Judge:

       This matter arises out of Defendants Clear Cut Lawn Decisions, LLC, Clearcut, Inc.,

Michael Kaizar and Patrice Kaizar's Amended Counterclaim against Plaintiff TBI Unlimited,

LLC ("TBI"), and Clear Cut Law Decisions, LLC and Clearcut, Inc.'s Amended Third-Party

Complaint against William Taylor ("Taylor"), the alleged owner and sole member of TBI.  For

ease of reference, the Court will refer to Clear Cut Law Decisions, LLC, Clearcut, Inc., Michael Kaizar and Patrice Kaizar collectively as "Clear Cut."

Presently before the Court is TBI and Taylor's motion to dismiss the Amended Counterclaim and Amended Third Party Complaint with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  For the foregoing reasons, the Court will **GRANT IN PART** and **DENY IN PART** TBI and Taylor's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Clear Cut had an agreement with Safeguard Properties Inc. and Safeguard Properties, LLC ("Safeguard"), to perform grass cuts on foreclosed properties throughout New Jersey.  (Am. Compl. ¶ 1.)  Clear Cut then subcontracted this work out to TBI, who agreed to perform grass cuts on Clear Cut's behalf.  (Id. at ¶ 2.)  In May 2011, Clear Cut stopped paying TBI for completed lawn maintenance and, approximately one year later, TBI filed suit against Clear Cut and Safeguard.  TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC, No. 12-335, 2013 WL 1223643, at *1 (D.N.J. Mar. 25, 2013) ("TBI I").  After this case was dismissed without prejudice for failure to invoke this Court's subject matter jurisdiction, TBI filed a Second Amended Complaint, which properly plead diversity jurisdiction under 28 U.S.C. § 1332, against Clear Cut and Safeguard.  (Doc. No. 12).

On July 27, 2012, Safeguard moved to dismiss all of TBI's claims and Clear Cut moved to dismiss TBI's claim under the New Jersey Prompt Payment Act.  TBI I, 2013 WL 1223643, at *1.  The Court granted this motion on March 25, 2013.  Id. at *5.

In April 2013, Clear Cut answered TBI's Second Amended Complaint and asserted a number of counterclaims against TBI including:  breach of contract, breach of the covenant of good faith and fair dealing, equitable and common law fraud, violation of the New Jersey

Consumer Fraud Act ("NJCFA"), negligent misrepresentation, negligence, quantum meruit, and unjust enrichment. Clear Cut also brought a third-party complaint against Taylor alleging the same claims along with an additional claim for personal liability/piercing the corporate veil. These pleadings asserted virtually identical allegations against both TBI and Taylor. (Countercl. ¶¶ 18-68; Third-Party Compl. ¶¶ 10-60, Doc. No. 25.)

TBI and Taylor filed a motion to dismiss all of these counts except for Clear Cut's breach of contract claims against TBI and Taylor, and its claim against Taylor for personal liability/piercing the corporate veil. (Doc. No. 30.) The Court granted TBI and Taylor's motion, but allowed Clear Cut to amend its Counterclaim and Third-Party Complaint within a set amount of time. TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC, No. 12-3355, 2013 WL 6048720, at *8-9 (D.N.J. Nov. 14, 2013) ("TBI II" or the "November Opinion").

On December 12, 2013, Clear Cut filed an Amended Counterclaim and an Amended Third-Party Complaint alleging, once again, claims against TBI and Taylor for breach of contract, breach of the covenant of good faith and fair dealing, equitable and common law fraud, violation of the NJCFA, negligent misrepresentation, negligence, quantum meruit, and unjust enrichment, and an additional claim against Taylor for personal liability/piercing the corporate veil. (Am. Countercl. ¶¶18-75, Doc. No. 71; Am. Third-Party Compl. ¶¶ 18-75, Doc. No. 72.)

On December 26, 2013, TBI and Taylor filed their second motion to dismiss Counts Two through Nine of the Amended Counterclaim, and Counts Three through Ten of the Amended Third-Party Complaint.[1] (Doc. No. 74.) As this motion is fully briefed, the Court will consider each of these claims in turn.

---

[1] TBI and Taylor do not move to dismiss Count One of the Amended Counterclaim, i.e., Breach of Contract against TBI. They also do not move against Counts One and Two of the Amended Third-Party Complaint, i.e., Personal Liability/Piercing the Corporate Veil and Breach of Contract against Taylor. Accordingly, these claims will go forward.

## II.    LEGAL STANDARD

When deciding a motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the counterclaim.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 835 (3d Cir. 2011).  The Court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the nonmoving party.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  In other words, a [counterclaim] is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The inquiry is not whether [a counterclaimant] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims."  In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).  However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556

4

U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely

possible rather than plausible.  Id.

## III.   DISCUSSION AND ANALYSIS

### A.   Breach of the Covenant of Good Faith and Fair Dealing – Amended Counterclaim Count Two; Amended Third-Party Complaint Count Three.

In New Jersey, every contract contains an implied covenant of good faith and fair

dealing.  Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc., 864 A.2d 387,

395 (N.J. 2005); Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997).  In order

to state a claim for breach of the implied covenant, a plaintiff must allege that:  (1) a contract

exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the

contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual

obligations, without good faith and for the purpose of depriving the plaintiff of the rights and

benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury,

damage, loss or harm.  Wade v. Kessler. Inst., 778 A.2d 580, 586 (N.J. Super. Ct. App. Div.

2001), aff'd as modified Wade v. Kessler Inst., 798 A.2d 1251 (N.J. 2002).

Generally, the implied covenant has been applied in three ways:  (1) the covenant permits

the inclusion of terms and conditions not expressly set forth in the written contract, (2) the

covenant has been used to allow redress for bad faith performance of an agreement even where

the defendant has not breached any express term, and (3) the covenant permits inquiry into a

party's exercise of discretion expressly granted by the contract's terms.  Seidenberg v. Summit

Bank, 791 A.2d 1068, 1076 (N.J. Super. Ct. App. Div. 2002).  However a "[p]laintiff may not

maintain a separate action for breach of the implied covenant of good faith and fair dealing

[where] it would be duplicative of [its] breach of contract claim."  Hahn v. OnBoard LLC, No.

09-3639, 2009 WL 4508580, at  *6 (D.N.J. Nov. 16, 2009).

In moving to dismiss these claims for the second time, TBI and Taylor argue that neither the Amended Counterclaim nor the Amended Third-Party Complaint sets forth any new allegations that cure the deficiencies identified by the Court in the November Opinion. (TBI/Taylor Br. 10-11.)

Clear Cut responds that TBI and Taylor breached the implied covenant of good faith and fair dealing by preventing Clear Cut from "getting the full benefit of its bargain—revenue and profits." (Am. Countercl. ¶¶ 24-27; Am. Third-Party Compl. ¶¶ 27-30.) Specifically, TBI and Taylor fraudulently misrepresented that they completed grass cuts as required by the parties' contract, when they did not; thus, Clear Cut failed to receive the benefit of its bargain, i.e., completed grass cuts and refresh cleans, as well as the added benefit of being able to "obtain future work from Safeguard." (Clear Cut Br. 13.)

The Court finds that TBI and Taylor have the better of the argument.

First, it is clear from Clear Cut's Amended Counterclaim and Amended Third-Party Complaint that it seeks an additional path to recovery for TBI and Taylor's alleged breach of contract. Clear Cut is not asserting that TBI and Taylor complied with the terms of the contract, but did so in a manner as to prevent them from receiving the fruits of the contract. Instead, it argues that it has been denied the benefits of the contract because TBI and Taylor failed to perform their contractual obligations, but lied about doing so. As these claims are duplicative of Clear Cut's breach of contract claims against TBI and Taylor, they must be dismissed. Ready & Motivated Minds, LLC v. Ceridian Corp., No. 10-1654, 2011 WL 831776, at *5 (D.N.J. Mar. 2, 2011) (stating that in a previous opinion, the Court dismissed the plaintiff's "breach of good faith and fair dealing claim because it failed to plead any injury to its contractual interest that was different in any way from its breach of contract claims").

6

**B. Equitable and Common Law Fraud – Amended Counterclaim Counts Three and Four; Amended Third-Party Complaint Counts Four and Five.**

Clear Cut again alleges causes of action for equitable and common law fraud.

To establish a cause of action for common law fraud, a party must show: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367-68 (N.J. 1997). The elements of equitable fraud are similar, except that scienter, or "knowledge of the falsity and an intention to obtain an undue advantage therefrom," is not required. Jewish Cntr. of Sussex Cnty. v. Whale, 432 A.2d 521, 524 (N.J. 1981).

Claims of fraud are subjected to a heightened pleading standard under Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) exists to put the party alleged of a fraudulent act on notice as to the "precise misconduct" with which they are charged. Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). To satisfy this requirement, the party pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Institutional Investors Grp. v. Avaya, Inc., 564 F.3d 242, 253 (3d Cir. 2009) (quoting Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc., 497 F.3d 546, 550 (5th Cir. 2007)). In other words, allegations of fraud must contain "the who, what, when, where, and how: the first paragraph of any newspaper story." Id. (quoting In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999)).

In granting TBI and Taylor's first motion to dismiss Clear Cut's Counterclaim and Third-Party Complaint, the Court held that Clear Cut failed to meet the pleading requirements of Rule 9(b).  Specifically, the Court stated:

> Clear Cut and the Kaizar Defendants do not identify the number of lawns that were the subjects of the photographs allegedly meant to represent that the work that TBI and Taylor allegedly misrepresented as being completed, nor do they provide any descriptive information about the properties the photographs depicted.  Furthermore, there are no dates or times alleged concerning when the allegedly fraudulent photographs were provided to Clear Cut and the Kaizar Defendants, or when the related misrepresentations were made.  Finally, Clear Cut and the Kaizar Defendants set forth no allegations concerning the identities of the individuals at TBI who made the alleged misrepresentations, nor do they identify, e.g., to whom at Clear Cut, or to which Kaizar Defendant, they were made.  Based on the pleadings before them, TBI and Taylor are left with a window of sixteen months, or from February 2010 to May 2011, within which they must ascertain who did what and when.  It may be that every photograph submitted by TBI and Taylor were fraudulent, or perhaps only a handful.  But TBI and Taylor cannot be said to have been sufficiently put on notice by the general allegations of fraud in Clear Cut and the Kaizar Defendants' Counterclaim and Clear Cut's Third-Party Complaint.  As such, these claims must be dismissed on this ground alone.

TBI II, 2013 WL 6048720, at *4.  Now, in the hope of curing these pleading deficiencies, Clear Cut has added two new allegations to its Amended Counterclaim and Amended Third-Party Complaint.

First, Clear Cut alleges that the fraudulent photographs allegedly submitted by TBI and Taylor relate to "approximately [3,600] properties throughout central and southern New Jersey." (Am. Countercl. ¶ 30; Am. Third-Party Compl. ¶ 32.)   Second, Clear Cut alleges that an employee believed to be named "Rickey," along with "other individuals employed by Plaintiff," were responsible for making these misrepresentations.  (Am. Countercl. ¶ 29.)  Once again, the Court finds that even with these new allegations, Clear Cut's claims are simply too vague and conclusory to meet Rule 9(b)'s heightened pleading standard.  See ETC Int'l, Inc. v. Curriculum Advantage, Inc., 272 F. App'x 139, 141 (3d Cir. 2008) (concluding that plaintiff failed to plead its claim of common law fraud with sufficient particularity because plaintiff's contentions were

"stated in general terms, without sufficiently referencing times, dates, or other specifics"); see also Ceruzzi Holdings, LLC v. Inland Real Estate Acquisitions, Inc., No. 09-5440, 2010 WL 1752184, at *4 (D.N.J. Apr. 29, 2010) (dismissing fraud allegations because plaintiff failed to adequately allege the "manner, place, date, and speaker of the alleged misrepresentations and did not include names or the specifics of what may have been said"); Slim CD, Inc. v. Heartland Payment Sys., Inc., No. 06-2256, 2007 WL 2459349, at *10 (D.N.J. Aug. 24, 2007) (dismissing plaintiff's equitable fraud claim because the complaint did not set forth, among other things, "the time and place where the statements were made").

Accordingly, these claims will be dismissed.

### C. Negligent Misrepresentation and Negligence – Amended Counterclaim Counts Five and Seven; Amended Third-Party Complaint Counts Six and Eight.

TBI and Taylor again move to dismiss Clear Cut's claims of negligence and negligent misrepresentation.

To state a claim for negligence under New Jersey law, a plaintiff must demonstrate the following:  (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) injury or harm to the plaintiff; and (4) proximate cause.  Anderson v. Sammy Redd and Associates, 650 A.2d 376, 379 (N.J. Super. Ct. App. Div. 1995).  As for negligent misrepresentation, a party must show "[a]n incorrect statement, negligently made and justifiably relied on" that proximately caused an economic loss.  Ctr. for Special Procedures v. Connecticut Gen. Life Ins. Co., No. 09-6566, 2010 WL 5068164, at *7 (D.N.J. Dec. 6, 2010) (citing Konover Constr. Corp. v. E. Coast Constr. Servs. Corp., 420 F. Supp. 2d 366, 370 (D.N.J. 2006)). However, where a plaintiff and defendant are parties to a contractual relationship, a tort remedy will not "arise from [the parties'] contractual relationship unless the breaching party owes an independent duty imposed by law."  Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 279-80 (N.J.

2002); see also Shinn v. Champion Mortg. Co., 2010 WL 500410, at *4 (D.N.J. Feb. 5, 2010)

(noting that "the mere failure to fulfill obligations encompassed by the parties' contract is not

actionable in tort").   This principle applies with equal force to claims for negligence as well as

negligent misrepresentation.  See, e.g., Montclair State Univ. v. Oracle USA, Inc., No. 11-2867,

2012 WL 3647427, at *11 (D.N.J. Aug. 23, 2012) (dismissing negligent misrepresentation claim

where plaintiff also maintained a contract claim and failed to point to any independent duty that

existed outside of the parties' contractual obligations); Shinn, 2010 WL 500410, at *4

(dismissing negligence claim because plaintiff failed to demonstrate that there was a relationship

between the parties outside of their contractual relationship and defendant did not owe any

independent duty of care to plaintiff)

      Here, as with its original pleadings, Clear Cut fails to identify an independent duty owed

by either TBI or Taylor and, once again, seeks to hold TBI and Taylor accountable in tort for

their alleged failure to fulfill their contractual obligations.  Although Clear Cut alternatively

alleges that it did not have a contractual relationship with Taylor, it cites no authority for the

proposition that the law imposes a duty on individuals "to perform all and/or part of their work,

including grass-cuts and refresh cleans, in a good workmanlike manner."  (Am. Third-Party

Compl. ¶44.)  Accordingly, these claims will be dismissed.  See Slim CD, Inc. v. Heartland

Payment Sys., Inc, No. 06-2256, 2007 WL 2459349, at *12 (D.N.J. Aug. 24, 2007) (dismissing

claim for negligent misrepresentation where claim related "merely to a 'subsequent failure of the

promisor to do what he has promised,'" and thus was "'not recoverable in tort'"); Shinn, 2010

WL 500410, at *4 (dismissing negligence claim because plaintiff failed to demonstrate that there

was a relationship between the parties outside of their contractual relationship and defendant did

not owe any independent duty of care to plaintiff); Saltiel, 788 A.2d at 280 (holding that

defendant's failure to use its specific technical skills that it was obligated to use under its contract with plaintiff "was not a violation of an obligation imposed by law, but rather a breach of its contractual duties" and thus a negligence claim would not stand).

### D. NJCFA – Amended Counterclaim Count Six; Amended Third-Party Complaint Count Seven.

The NJCFA imposes liability on any person who uses "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission." N.J. Stat. Ann. § 56:8-2. To state a claim under the NJCFA, a defendant must allege: (1) unlawful conduct by the plaintiff, which consists of affirmative acts, knowing omissions, and regulation violations; (2) an ascertainable loss; and (3) a causal connection between the unlawful conduct and the ascertainable loss. See Payan v. GreenPoint Mortg. Funding, Inc., 681 F. Supp. 2d 564, 572 (D.N.J. 2010); Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).

Finally, a claim arising under NJCFA must be plead with particularity in accordance with Rule 9(b). Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 511 (D.N.J. 1999); see also Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (holding that the District Court's dismissal of plaintiff's NJCFA claim was proper because plaintiff failed to "sufficiently allege an unlawful practice with requisite specificity").

Clear Cut again alleges a claim under the NJCFA in the Amended Counterclaim and Amended Third-Party Complaint, (Am. Countercl. ¶¶ 51-58; Am. Third-Party Compl. ¶¶ 52-58), and TBI and Taylor once again argue that Clear Cut fails to meet Rule 9(b)'s heightened pleading standard. For the reasons stated in Part III.B. supra, the Court agrees. Accordingly, these claims will be dismissed.

11

**E.  Quantum Meruit – Amended Counterclaim Count Eight; Amended Third-Party Complaint Count Nine.**

To recover under a theory of quantum meruit, a party must allege: "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." Starkey, Kelly, Blaney & White v. Estate of Nicolaysen, 796 A.2d 238, 242-43 (N.J. 2002).  Clear Cut alleges claims for quantum meruit against both TBI and Taylor.

Turning first to Clear Cut's counterclaim against TBI, the Court notes that the amended counterclaim is virtually identical to Clear Cut's original counterclaim, which this Court dismissed under Rule 12(b)(6).  (Compare Am. Countercl. ¶¶ 63-69, with Countercl. ¶¶ 54, 60, Doc. No. 25); see also TBI II, 2013 WL 6048720, at *8 (stating that because Clear Cut alleged that a valid contract was in place and allege a breach of that contract, its claims for equitable restitution were barred).  Having failed to cure the pleading deficiencies previously identified by the Court, this claim will again be dismissed.  See Callano v. Oakwood Park Homes Corp., 219 A.2d 332, 334-35 (N.J. Super. Ct. App. Div. 1996) (stating that "recovery on the theory of quasi-contract was developed under the law to provide a remedy where none existed" and thus holding that because plaintiffs had an express contract, they had a remedy and therefore could not pursue their quasi-contract claim); see also Fintech Consulting v. ClearVision Optical Co., Inc., No. 12-4956, 2013 WL 1845850, at *5 (D.N.J. Apr. 30, 2013) ("As Plaintiffs do not challenge the validity of the contract at issue, recovery under quantum meruit is unavailable").

As for Clear Cut's third-party claim, however, Clear Cut alleges in the alternative there was no valid contract with Taylor.  (Am. Third-Party Compl. ¶ 64.)

The Court is well aware that the Federal Rules "permit alternative and even inconsistent pleadings" and specifically provide that "'[a] party may set out 2 or more statements of a claim

12

or defense alternatively or hypothetically . . . .'" Flaster/Greenberg P.C. v. Brendan Airways, LLC, No. 08-4333, 2009 WL 1652156, at *7 (D.N.J. June 10, 2009) (quoting Fed. R. Civ. P. 8(d)(2)); see also In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 544 (D.N.J. 2004) (plaintiffs "are clearly permitted to plead alternative theories of recovery"). Indeed, in light of the fact that TBI and Taylor have yet to indicate whether they intend to challenge the validity of the parties' contract, Clear Cut's claim for quantum meruit would ordinarily go forward. See Flaster/Greenberg P.C., 2009 WL 1652156, at *8 (stating similarly).

Nevertheless, although Clear Cut alleges that Taylor is liable under the theory of quantum meruit, it does not advance any support for the proposition, and the Court is aware of none, that "the performance of services in good faith" includes the payment of money for services that another person failed to perform. Indeed, courts discussing this type of quasi-contractual recovery consistently speak of a performing party seeking to recoup the reasonable value of services rendered, not the circumstances at issue here, i.e., a party seeking to recoup money already paid. See, e.g., Weichert Co. Realtors v. Ryan, 608 A.2d 280, 285 (N.J. 1992) (collecting cases and secondary sources standing for the proposition that "courts have allowed quasi-contractual recovery for services rendered when a party confers a benefit with a reasonable expectation of payment" and thus under quantum meruit, the performing party will be entitled to recoup the reasonable value of services rendered).

Accordingly, Clear Cut's claim for quantum meruit as to Taylor will also be dismissed.

**F. Unjust Enrichment – Amended Counterclaim Count Nine; Amended Third-Party Complaint Count Ten.**

"Generally, to claim unjust enrichment, a plaintiff must allege that (1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." In re Ford Motor Co. E-350 Van Prods. Liab.

Litig., No. 03-4558, 2008 WL 4126264, at *21 (D.N.J. Sept. 3, 2008) (quoting In re K-Dur Antitrust Litig., 338 F. Supp. 2d at 544).  However, "[r]ecovery under unjust enrichment may not be had when a valid, unrescinded contract governs the right of the parties."  Van Orman v. American Ins. Co., 680 F.2d 301, 310-11 (3rd Cir. 1982).

Here, Amended Counterclaim Count Nine fails for the same reasons identified by the Court in the November Opinion; namely, Clear Cut alleges a valid contractual agreement with TBI.  (See Am. Countercl. ¶¶ 18-23); see also TBI Unlimited, LLC, No. 12-3355, 2013 WL 6048720 at *8 (holding that unjust enrichment claim was barred because a valid contract was alleged to be in place).  Accordingly, this claim will be dismissed.

As to the Amended Third-Party Complaint, however, Clear Cut alternatively alleges that there was no valid contract with Taylor, (see Am. Third-Party Compl. ¶ 71), and thus argues that its unjust enrichment claim should stand, (see Clear Cut Br. 14-15).  As the Court discussed in Part III.E. supra, the Federal Rules permit alternative and even inconsistent pleadings.  See Kaiser Found. Health Plan, Inc. v. Medquist, Inc., No. 08-4376, 2009 WL 961426, at *12 (D.N.J. Apr. 8, 2009) (allowing Plaintiffs' claim for unjust enrichment to go forward in the face of an available remedy at law because Rule 8(e)(2) allows a plaintiff to plead in the alternative).  Thus, the Court considers the viability of this claim.

Unjust enrichment claims ordinarily arise in situations where services have been performed without remuneration.  See, e.g., MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 734-35 (D.N.J. 2008) (stating that plaintiff sufficiently alleged a claim for unjust enrichment where, inter alia, plaintiff provided programming services to defendant, but defendant failed to provide the appropriate remuneration).  Here, however, neither moving party

14

suggests that this doctrine does not apply in the converse situation, i.e., where one party has paid money for services that another party failed to perform.

The Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011) notes that a "benefit that is the basis of a restitution claim may take any form . . . [i]t may consist of services as well as property.  Id. § 1 cmt. d.  Indeed, an earlier version of the Restatement commented that "[a] person confers a benefit upon another if he gives to the other possession of or some other interest in money."  Restatement (First) of Restitution § 1 cmt. b (1937) (emphasis added).

Based on Clear Cut's allegations that Taylor accepted money for services that he failed to perform and circumstances are such that it would be unjust for Taylor to retain that money, the Court finds that Clear Cut has adequately stated a claim for unjust enrichment against Taylor.  See Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011) ("A person who is unjustly enriched at the expense of another is subject to liability in restitution"); see also Palmeri v. LG Electronics USA, Inc., No. 07-5706, 2008 WL 2945985, at *7 (D.N.J. July 30, 2008) (citing Restatement (Third) of Restitution and Unjust Enrichment) (declining to dismiss unjust enrichment claim under New Jersey law where plaintiff pled in the alternative to his claim for recovery on the contract).  Accordingly, this portion of TBI and Taylor's motion will be denied.

## IV.   LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, the Court has already afforded Clear Cut the opportunity to amend its Counterclaims and Third-Party Complaint, yet the Amended Counterclaim and Amended Third-

15

Party Complaint suffer from many of the same pleading deficiencies previously identified by the Court in the November Opinion.  Accordingly, the Court declines to allow Clear Cut to amend a second time and Amended Counterclaim Counts Two through Nine along with Amended Third-Party Complaint Counts Three through Nine will be dismissed with prejudice.

**V.      CONCLUSION**

For the reasons stated above, TBI and Taylor's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  An appropriate order will issue today.


Dated:   8/5/2014                                                          s/ Robert B. Kugler___
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge