NOT FOR PUBLICATION                                         (Doc. Nos. 136, 137)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                            :
TBI Unlimited, LLC                          :
                                            :
         Plaintiff,                         :    Civil No. 1:12-cv-03355-RBK-JS
                                            :
    v.                                      :
                                            :    **OPINION**
Clear Cut Lawn Decisions, LLC and ClearCut, Inc. :
and Michael David Kaizar and Patrice Kaizar :
                                            :
         Defendant.                         :
_____:

**KUGLER**, United States District Judge:

    This matter is before the Court on the motion for default judgment (Doc. No. 136) of Plaintiff TBI Unlimited, LLC ("Plaintiff" or "TBI") against Defendants Clear Cut Lawn Decisions, LLC ("Clear Cut Lawn") and ClearCut, Inc. ("ClearCut") (collectively "Corporate Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff and Plaintiff's Principal William Taylor ("Taylor") also move to dismiss Corporate Defendants' Counterclaims against Plaintiff and Third-party Complaint against Taylor (Doc. No. 137) pursuant to Federal Rule of Civil Procedure 41(b). For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED WITHOUT PREJUDICE**, and Plaintiff and Taylor's motion to dismiss is **GRANTED**.

I. **FACTS**

This suit arises out of Plaintiff's breach of contract claim against the Corporate Defendants.[1] Plaintiff alleges that the Defendants had a contract with Safeguard Properties, LLC according to which Defendants would provide lawn services for foreclosed properties in several east coast states. (Second Amended Compl. ("Compl.") ¶ 17, Doc. No. 12.) The Corporate Defendants then subcontracted with Plaintiff to provide those services to properties in New Jersey for the years 2010 and 2011. (Id. ¶ 19) Apparently, Plaintiff performed under the Contract and received payment but only for the work it performed in 2010—it did not receive any payment from Defendants for the work performed in 2011. (Id. ¶¶ 25–31.) Plaintiff's Complaint seeks $88,050.000 in damages plus interest.

On April 22, 2013, the Corporate Defendants filed their Answer and asserted Counterclaims against Plaintiff and a Third-Party Complaint against Plaintiff's principal, William Taylor ("Taylor"). (Doc. No. 25.) Plaintiff and Taylor successfully moved to dismiss all claims contained in the Counterclaim and Third-Party Complaint except for breach of contract and unjust enrichment. (See Doc. Nos. 62, 100.)

Defendants' former counsel, on three separate occasions, moved to be relieved as counsel. (See Doc. Nos. 67, 96, 124.) The Court denied the first two motions but granted the third motion on November 6, 2014 after discovering that Defendants failed to pay their attorney and that the attorney-client relationship had fallen apart. (Order at 4, Doc. No. 121.) The Court informed all defendants that they would be deemed to be

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Also Defendants in this action are Michael and Patrice Kaizar. However, Plaintiff's motions relate only to the Corporate Defendants.

2

proceeding pro se if new counsel did not appear on their behalf by December 15, 2014. (Id.) The Court also put the Corporate Defendants on notice that they could not represent themselves in federal court. (Id.) On February 23, 2015, Michael Kaizar informed the Court that counsel for the Corporate Defendants would be making an appearance by the end of the month. (Doc. No. 132.) That same day, a status conference was held in front of Magistrate Judge Schneider, and no attorney made an appearance for Defendants. To date, no attorney has entered an appearance on behalf of Corporate Defendants. (Pl.'s Br. 3.)

Plaintiff now moves for default judgment against the Corporate Defendants, and Plaintiff and Third-Party Defendant Taylor seek dismissal of the Corporate Defendants' respective counterclaims and third-party complaint against them.

## II. MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may, upon a plaintiff's motion, enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. Chanel, Inc. v. Gordashevsky, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). It also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. Doe v. Simone, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

On June 3, 2015, the Clerk entered Default against Corporate Defendants pursuant to Rule 55(a). (Doc. No. 135.) Plaintiff asserts a breach of contract claim based

on Defendants' failure to pay Plaintiff the money it was allegedly due under the contract. (Amended Compl. ¶¶ 19–31, Doc. No. 12.) Plaintiff seeks $88,050.00 in damages on the contract plus pre- and post-judgment interest totaling approximately $8,237.50.[2]

To establish liability in New Jersey on a claim for breach of contract, Plaintiff bears the burden of showing: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (citing Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F.Supp.2d 552, 561 (D.N.J.2002)). Whether a valid contract exists is a legal, not a factual, determination. See ATACS Corp. v. Transworld Commc'ns,, 155 F.3d 659, 665 (3d Cir. 1998).

Here, however, the Court cannot determine the validity of the alleged contract here because Plaintiff has not attached the relevant "Agreement" to its original or amended complaints or its Motion for Default Judgment. See Sun Nat'l Bank v. Seaford Specilaity Surgery Center, LLC., No. 13–5800 at *2 (D.N.J. Oct. 7, 2015) (requiring plaintiff seeking default on a breach of contract claim to submit the loan and guaranty agreements at issue); see also Giorgio Gori USA v. Coastal Recovery Corp., No. CIV.A. 11-4939 ES, 2014 WL 1050610, at *1 (D.N.J. Mar. 14, 2014) (noting that the plaintiff's first motion for default judgment was denied without prejudice because plaintiff failed to provide a copy of the contract). Thus, because Plaintiff has not provided the Court with a

---

[2] Plaintiff seeks pre-judgment interest at 2.5% from August 1, 2011, when payment was due, through December 31, 2012, and at 2.25% from January 1, 2013 through July 31, 2015. (Pl.'s Br. 4.) Plaintiff is also seeking continuing post-judgment interest at 2.25% until the Judgment is satisfied. (Id.)

copy of the parties' Agreement or documentation supporting the validity of the Agreement, Plaintiff's motion for default is denied without prejudice.

Plaintiff's motion for default judgment is also denied, in part, because Plaintiff has not provided the Court with sufficient proof as to damages. As indicated supra, the Court is not to accept as true allegations concerning damages. See Chanel, Inc., 448 F. Supp. 2d at 536. To properly determine any amount of damages to which Plaintiff is entitled, the Court must receive an affidavit justifying an award of damages and explaining how those damages have been calculated. See Bryant v. Jackson, No. 13-2823, 2014 WL 4211243, at *2-3 (D.N.J. Aug. 25, 2014).

In sum, Plaintiff's motion for default judgment is denied without prejudice. Any subsequent motion for default judgment must be accompanied by the agreement (or other documentary evidence) and an affidavit justifying his claim of liability and for an award of damages.

### III.   MOTION TO DISMISS

Plaintiff and third-party defendant Taylor seek dismissal of the Corporate Defendants' counterclaim and third-party complaint against them under Federal Rule of Civil Procedure 41(b). Rule 41(b) permits a defendant to dismiss a claim or a plaintiff to dismiss a counterclaim or cross-claim for failure to prosecute. In addressing a motion to dismiss for failure to prosecute, courts in the Third Circuit are typically obligated to evaluate the factors set forth in Poulis v State Farm Fire and Casualty Co., 747 F.3d 863, 868 (3d Cir. 1984). However, where "a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 Fed App'x 371, 373–74 (3d Cir. 2005) (citing Guyer v.

Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990)); see also Divito v. C.M.S. Dept., No. , 2007 WL 756014, at *2 (D.N.J. Mar. 17, 2006) (noting that the Poulis analysis was unnecessary where Plaintiff failed to comply with several Court Orders and participate in discovery but finding the Poulis factors nevertheless satisfied).

Here, the circumstances are such that no extensive analysis under Poulis is required.  The Corporate Defendants have failed to obtain counsel, in violation of Magistrate Judge's Order, which prevents the case from moving any further.  As corporate entities, they cannot prosecute their counterclaims without counsel, and they have given no indication in over a year that they are working to obtain counsel and prosecute their counterclaims.

Nevertheless, the Court also finds that the Poulis factors, too, weigh in favor of dismissal.  Under Poulis, the Court must evaluate the following factors:

> The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.  First, as just explained, Corporate Defendants bear responsibility for the failure to prosecute their claims.  Magistrate Judge Schneider ordered all defendants in the case to obtain counsel by December 15, 2015, specifically putting the Corporate Defendants on notice that they could not proceed without counsel.  (Doc. No. 121.)  To date, more than fifteen months later, no attorney has entered an appearance on behalf of Corporate Defendants.  (Pl.'s Br. 3.)

Second, Plaintiff is prejudiced by their adversaries' failure to obtain counsel. The law requires corporate entities to be represented by counsel, and therefore, Plaintiff has

no alternative means of vindicating its claim in the event they fail to do so.  See Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966); Directv, Inc. v. Asher, No. CIV.A. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006).

Third, Corporate Defendants have demonstrated a history of dilatoriness and willful disobedience over the course of this matter by failing to comply with the Court's Order.  It has been approximately fifteen months since Magistrate Judge Schneider ordered them to obtain counsel, and only one communication—more than twelve months ago— has been made on their behalf.  Moreover, they have failed to obtain counsel in the face of Plaintiff's multiple motions for default judgment and motion to dismiss.

The circumstances also lead the Court to believe that there are no effective alternatives to dismissal.  Given the Corporate Defendants year-long failure to obtain counsel, the Court does not find that any financial sanctions would compel them to act differently.

As such, the Court finds dismissal of the Corporate Defendants' counterclaims against Plaintiff and third-party complaint against Taylor appropriate.

## IV.     CONCLUSION

Plaintiff's Motion for Default Judgment is **DENIED WITHOUT** PREJUDICE., and its Motion to Dismiss is **GRANTED.**


Dated: 2/22/2016                                           s/Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge