NOT FOR PUBLICATION (Doc. No. 145)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TBI UNLIMITED, LLC, : : Plaintiff, : : v. : : CLEAR CUT LAWN DECISIONS, LLC : AND CLEARCUT, INC. AND : : Defendant. : : | Civil. No. 12-3355 (RBK/JS) **OPINION** |

**Kugler,** United States District Judge:

This suit arises from a dispute involving a breach of contract. Plaintiff TBI Unlimited, LLC ("Plaintiff") brings this suit against Defendants Clear Cut Lawn Decisions, LLC ("Clear Cut Lawn") and ClearCut, Inc. ("ClearCut") (collectively "Corporate Defendants" or "Defendants") as well as Corporate Defendants' owner, Michael Kaizar. Presently before the Court is Plaintiff's Motion for the entry of Default Judgment against Corporate Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2) and entry of judgment against Michael Kaizar. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2010, Safeguard Properties, Inc. and Safeguard Properties, LLC ("Safeguard") entered into a subcontract with Corporate Defendants for Defendants to perform lawn and property maintenance services along the east coast. *See* Second Amended Complaint ("SAC") at ¶ 17 (Doc. No. 12). Around February 21, 2010, Defendants entered into a subcontract with Plaintiff

1

("Agreement") for Plaintiff to perform lawn and property maintenance services in New Jersey. *Id.* at ¶ 19. The subcontract (which states that it was entered into on April 16, 2010) was signed by Plaintiff on March 30, 2010. Def. Mot., Ex. A (Doc. No. 145-6). Defendant did not sign the subcontract, but effectively ratified the agreement by its course of conduct. *Id.*; SAC at ¶ 21.

Plaintiff performed its duties under the Agreement during the calendar year of 2010 and was paid for their work. *Id.* at ¶¶ 25–26. Plaintiff again performed their duties in 2011 under the Agreement, however, payment for those services was never rendered. *Id.* at ¶¶ 28-32. Plaintiff submitted all materials necessary for Defendants to pay, but Plaintiff was never paid the amount of $88,041.00 in consideration of the work that Plaintiff performed. *Id.* at ¶¶ 30-32. Plaintiff has demanded payment of the aforementioned amount, and has brought claims for breach of contract, failure to promptly pay contractor, breach of oral contract, quantum meruit, and unjust enrichment. *Id.* at ¶¶ 34, 37-68 .

Defendants' former counsel moved to be relieved as counsel on three separate occasions. *See* Att'y Relief Mots. (Doc. Nos. 49, 80, 107). The first two motions were denied by the Court. *See* Doc. Nos. 67, 96. However, the third motion was granted on November 6, 2014 upon discovery that Defendants failed to pay their attorney and the relationship between Defendants and counsel had fallen apart. Att'y Relief Order at 4 (Doc. No 121). At that time, the Court informed all defendants that they would be deemed to be proceeding *pro se* if new counsel did not appear on their behalf by December 15, 2014. *Id.* at 6. The Court also put the Corporate Defendants on notice that they could not represent themselves in federal court. *Id.* To this date, no attorney has entered an appearance on behalf of Corporate Defendants.

On June 3, 2015, the Clerk entered Default against Corporate Defendants pursuant to Rule 55(a). Default Entry (Doc. No. 135). Plaintiff then moved for default judgment against

Corporate Defendants. (Doc. No. 136). That motion was denied because Plaintiff did not supply the Court with a copy of the parties' Agreement or documentation supporting the validity of the Agreement. Default Judgment Op. at 5 (Doc. No. 141).

Plaintiff now moves once again for Default Judgment. Plaintiff has supplied the Court with a copy of the Agreement between the two parties (Doc. No. 145-6).

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

## III. DISCUSSION AND ANALYSIS

### A. Appropriateness of Default Judgment

3

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over defendants. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, Plaintiff is a limited liability company organized and existing under New Jersey with its principal place of business in New Jersey, making Plaintiff a citizen of New Jersey. SAC at ¶ 1. Corporate Defendants are a limited liability company and a corporation existing under the laws of North Carolina with their principal places of business in North Carolina, making them North Carolina citizens. *Id.* at ¶¶ 3–4. Defendants Michael and Patrice Kaizar are residents and citizens of North Carolina. *Id.* at ¶ 2. Plaintiff seeks more than $88,000 in damages. This Court has subject matter jurisdiction because there is complete diversity between plaintiff and all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Thus, the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum for the Court to exercise subject-matter jurisdiction under 28 U.S.C. §1332(a). This Court also has personal jurisdiction over the Defendants in the form of specific jurisdiction because Defendants had sufficient "minimum contacts" with New Jersey based on their contract with a New Jersey company to cut lawns in New Jersey and exercising jurisdiction over Defendants "would comport with traditional notions of fair play and substantial justice." *See Imo Indus. Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendants were informed by the Court that they needed proper representation on three separate occasions. Defendants have failed to appear with proper representation or otherwise defend this action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a).

### iii. Fitness of Defendants to be Subject to Default Judgment

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, the defaulting Defendants are corporate entities and are therefore not capable of being infants, incompetent persons, or persons in military service exempted from default judgment. Thus, the Court finds that Defendants are subject to default judgment under Rule 55(b)(2).

### iv. Plaintiff's Cause of Action

Fourth, the Court must determine whether Plaintiff's Complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). This Court has previously granted summary judgment for Plaintiff's common law claim for breach of contract. *See* June 9, 2015 Op. (Doc. No. 138).

Plaintiff has also provided the necessary copy of the parties' agreement to support the validity of the contract. Default Judgment Mot., Ex. A (Doc. No. 145-6). *See Sun Nat'l Bank v. Seaford Specialty Surgery Center, LLC*, No. 13-5800, at *2 (D.N.J. Oct. 7, 2015 (requiring plaintiff seeking default on a breach of contract claim to submit the loan and guaranty agreements at issue); *see also Giorgio Gori USA v. Coastal Recovery Corp.*, No. 11-4939, 2014 WL 1050610, at * 1 (D.N.J. Mar. 14, 2014) (noting that the plaintiff's first motion for default judgment was denied without prejudice because plaintiff failed to provide a copy of the contract). The Court finds that the allegations set forth in the complaint for breach of contract are sufficient to state a claim against Defendant.

### *v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr.18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, there is no showing that Defendants have a cognizable defense to Plaintiff's claim for breach of contract. Second, because Defendants have failed to appear with proper representation as ordered by this Court and have otherwise failed to defend this action, Plaintiff suffers prejudice if it does not receive a default judgment. Plaintiff has no alternative means of vindicating its claim against Defendants. *See Directv v. Asher*, 2006 WL 680533, at *2. Third,

the Defendants' failure to respond with proper representation permits the Court to draw an inference of culpability on their part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). Therefore, the *Emcasco* factors weigh in favor of entering default judgment. Plaintiff is entitled to a default judgment against Defendants

### B. Damages

Plaintiff seeks actual damages of $88,041.00, plus pre-judgment and post-judgment interest in the amount of $9576.57. The Court is not bound to accept as true Plaintiff's mere allegations concerning damages. *See Comdyne I*, 908 F.2d at 1149. Plaintiff submitted documentation supporting their contention that Defendants owe $88,041 for unpaid work under their contract. Default Judgment Mot.,Taylor Decl. at ¶ 8-15 (Doc. No. 145-5); Default Judgment Mot., Ex. B & B-1 (Doc. Nos. 145-6 & 145-7). Therefore, the Court will award Plaintiff $88,041.00, the balance owed for services rendered to Defendants under their contract with Plaintiff.

Plaintiff also requests $9576.57 in pre-judgment interest. This represents a rate of 2.5% per annum from August 1, 2011 through December 31, 2012, and then 2.25% per annum from January 1, 2013 through March 4, 2016 (when the motion was filed). These rates are set under New Jersey law, which applies in the instant case. *See Gleason v. Norwest Mortg. Inc.*, 253 Fed. App'x 198, 203-05 (3d Cir. 2007). Therefore, the Court awards Plaintiff $3123.65 in interest for the period from August 1, 2011 through December 31, 2012. The Court also awards Plaintiff $7424.39 in interest for the period from January 1, 2013 through the date of judgment (1,368 days at 2.25% per annum). Post-judgment interest will continue to accrue at a rate of 2.25% per annum until the balance is paid.

7

Plaintiff also requests entry of judgment against Michael Kaizar for the full amount of damages entered against the Corporate Defendants. This Court previously found that Michael Kaizar may be held liable for the Corporate Defendants' acts with respect to their contracts with TBI and granted summary judgment in favor of Plaintiff for its breach of contract claim against Kaizar. *See* June 9, 2015 Op. 8, 10-11. Because this Court has already held that Michael Kaizar is liable for the Corporate Defendants' acts under a veil-piercing theory, the Court will also enter judgment against Kaizar.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment against Clearcut Defendants is **GRANTED**. The Court also awards damages in the amount of $88,041.00, plus interest in the amount of $10,548.04. Plaintiff's Motion for Entry of Judgment against Defendant Michael Kaizar is **GRANTED**. An appropriate order shall issue.


Dated:   09/29/2016                                                          s/Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge